-PS-O-

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

JOSE TORRES,

                    Petitioner,

          -v-                                          **DECISION and ORDER**
                                                       06-CV-508S

H. GRAHAM, Superintendent Auburn
Correctional Facility,

                    Respondent.

## PROCEDURAL BACKGROUND

On July 18, 2006, Petitioner filed a Petition for a Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2254, challenging a state court conviction of second degree murder (N.Y. Penal L., § 125.25(1)). (Docket No. 1). Immediately after filing the Petition, Petitioner filed a Letter Motion to Stay the Petition so that he could continue to exhaust the ineffective assistance of appellate counsel claim he had raised as Ground 1 in the Petition.[1] (Docket No. 5, Letter Motion). Petitioner had filed an Application for a Writ of Error *Coram Nobis* with the New York State Supreme Court, Appellate Division, Fourth Department on July 18, 2006, ten days before filing the instant Petition, raising the ineffective of assistance of appellate counsel claim. At the time of filing the instant Petition, Petitioner's Writ of Error *Coram Nobis* was still pending with the Appellate Division.

---

[1]The other three Grounds raised in the Petition are: the People failed to prove beyond a reasonable doubt each and every element of the offense charged (Docket No. 1, Petition, ¶ 12B, Ground Two); ineffective assistance of trial counsel (*id.*, ¶ 12C, Ground Three); and denial of right to testify at trial based on the trial court's refusal to suppress evidence of prior criminal acts (*id.*, ¶ 12D, Ground Four).

On September 13, 2006, the Court (Hon. John T. Curtin) entered an Order granting Petitioner's Motion to Proceed *In Forma Pauperis*, denying Petitioner's Motion for Appointment of Counsel and denying without prejudice Petitioner's Letter Motion to Stay the Petition to re-filing within 30-days upon a sufficient showing that Petitioner was entitled to a stay pursuant to the standards set forth in *Rhines v. Weber*, 544 U.S. 269, 277-78, 125 S.Ct. 1528, 1535, 161 L.Ed.2d 440 (2005). (Docket No. 8). The Court further directed that upon filing of a renewed motion for a stay, Respondent had 30 days in which to file a response to the motion.[2]

1. First Motion to Stay Petition

On October 23, 2006, Petitioner filed a renewed Motion to Stay Petition ("First Motion to Stay") noting again that he had filed an Application for a Writ of Error *Coram Nobis* raising the ineffective assistance of appellate counsel claim raised in the Petition and noting, *inter alia*, that he had filed the instant Petition knowing that he had not fully exhausted this claim because he believed that the one-year period of limitations to file a petition for a writ of habeas corpus was expiring, *see* 28 U.S.C. § 2244(d)(1).[3]

Petitioner also noted that, before filing the Application for a Writ of Error *Coram Nobis* and the instant Petition, he had been diligently attempting to obtain assistance in arranging a scuba dive in the Genesee river in order to obtain evidence regarding the current and flow of the river. Petitioner believes that this evidence will contradict the testimony of two police witnesses who testified at trial, presumably regarding the bullet

---

[2]The Court did not, at that time, direct Respondent to file an answer in response to the Petition.

[3]Pursuant to 28 U.S.C. § 2244(d)(2), the period of limitations would have been tolled during the pendency of the Application for a Writ of Error *Coram Nobis*.

casings that were found in the river or the inability to recover the murder weapon from the river. Although the dives were scheduled, they never occurred. (Docket No. 9, ¶ ¶ 11-17). Petitioner further noted that he had been told by another inmate, whom Petitioner did not identify, that the inmate knew who the actual killer was and had provided a statement, but later repudiated it based on a fear of reprisal. (*Id.*, ¶ ¶ 13, 15). Petitioner thereby argued that he had good cause for a stay and that he had been diligently working on various means to establish his innocence.

Respondent's counsel filed a response to the First Motion to Stay noting that the Motion was moot because the Appellate Division had denied the Writ of Error *Coram Nobis* on September 22, 2006, and that a stay was unnecessary because at the time Petitioner filed the Petition, he still had time under the one-year statute of limitations clock and, therefore, the ineffective assistance of counsel claim, even if filed at the time of denial of the Writ of Error *Coram Nobis*, was nonetheless timely. (Docket No. 11, Respondent's Answer in Opposition to Petitioner's Motion for a Stay, ¶ ¶ 2-7).

Petitioner then filed a Reply noting, correctly, that the request for a stay was not moot because it was still necessary to have the New York Court of Appeals review the Appellate Division's denial of the Application for a Writ of Error *Coram Nobis*. (Docket No. 12). *E.g.*, *Reid v. Senkowski*, 961 F.2d 374, 376 (2d Cir. 1992) (federal habeas petitioner must "fairly present" his federal constitutional claims to the highest state court). In that regard, Petitioner noted that he had filed both a request to the Court of Appeals for leave to appeal from the Appellate Division's order denying his Writ of Error *Coram Nobis* and a request for an extension of time to file the request, which he mistakenly believed he had

to file.  But following the filing of Petitioner's Reply, Petitioner notified this Court that the Court of Appeals denied his request for leave to appeal on May 1, 2007 (Docket No. 14, "Second" Motion to Stay and Amend Petition, Attachment), and, therefore, Petitioner's state court exhaustion proceedings with respect to the ineffective assistance of appellate counsel claim raised in the Petition were concluded and the Court denied the First Motion for a Stay as moot.  (Docket No. 17).

2.  "Second" and "Third" Motions to Stay and Amend Petition

On June 6 and July 31, 2007, Petitioner filed two additional and identical Motions to Stay and Amend the Petition so that he could exhaust a what he now claims is a "newly discovered" claim of actual innocence.  (Docket Nos. 14 and 15).  In the same Order in which the Court denied the First Motion for a Stay as moot (Docket No. 17), the Court also directed Respondent to submit a response to the Second Motion to Stay and Amend Petition (Docket No. 14).  On November 16, 2007, Respondent filed an Affirmation and Memorandum of Law in Opposition to Petitioner's Second Motion to Stay Petition and to Amend Petition ("Respondent's Affirmation") (Docket No. 20), and on December 12, 2007, Petitioner filed a Reply (Docket No. 23).  Because Petitioner's Second and Third Motions to Stay and Amend Petition are identical, the Court will deny the Third Motion to Stay and Amend Petition as moot and, for the reasons discussed below, deny Petitioner's Second Motion to Stay and Amend Petition without prejudice to the filing of an amended petition which includes the claim of actual innocence raised in the Second Motion to Stay and Amend Petition.  Upon filing of an amended petition, the Court will reinstate the Second Motion to Stay and Amend Petition and deem it submitted for resolution.

**DISCUSSION**

Petitioner's new claim is based on his assertion that he has obtained affidavits from two inmates that establish that he is actually innocent and is not the individual who committed the murder for which he was convicted.[4]  Petitioner claims that the first affidavit is from a Luiz Vasquez, and was obtained on March 6, 2006, four plus months prior to filing the Petition.  Petitioner states that Vasquez witnessed the shooting, provides a motive for the shooting, and knows the identity of the shooter and the individual who ordered the shooting.  Vasquez's affidavit does not identify either the shooter or the person who ordered the shooting.  (Docket Nos. 14 and 15, Affirmations in Support of Motions to Stay and Amend Petition, ¶¶ 4-5).  Petitioner claims that the second affidavit is from an Orlando Hernandez, and was obtained on May 31, 2007.  Petitioner claims that Hernandez names and identifies the same shooter and person who ordered the murder that Vasquez identified.[5]  (*Id.*, ¶ 5).  Petitioner therefore requests both a stay so that he can exhaust his state court remedies with respect to a claim of actual innocence and an opportunity to amend the Petition to add such a claim.          On August 30, 2007, Petitioner filed a state court motion for post-conviction relief, pursuant to N.Y.C.P.L., § 440.10, based on a claim of newly discovered evidence.  The motion was denied on November 20, 2007 (Docket No. 23, Petitioner's Reply, ¶ 3 and Exh. A), and Petitioner claimed at that time that he intended to file an application for leave to appeal to the Appellate Division (*id.*, at ¶ 4).  The status

---

[4]"[T]he Court is aware that the new claim Petitioner seeks to assert is predicated on facts which, if established, suggest Petitioner's innocence, and thus the Court approaches it with special care."  *Clancy v. Phillips*, No. 04-CV-4343 (KMK), 2005 WL 1560485, at *10 (July 1, 2005).

[5]Petitioner notes that he can supply the Court with copies of the affidavits and that he is in the process of obtaining an updated affidavit from Vasquez that identifies by name the shooter and person who ordered the shooting.

5

of Petitioner's application for leave to appeal is not known at this time.

Respondent opposes Petitioner's Motion to Stay and Amend Petition on the ground that Petitioner's newly discovered claim of actual innocence--*i.e.*, the affidavits of Vasquez and Hernandez--is simply not viable and that the new claim of actual innocence that Petitioner seeks to add to the Petition is untimely and, pursuant to *Mayle v. Felix*, 545 U.S. 644, 125 S.Ct. 1562, 162 L.Ed.2d 582 (2005), does not relate back to the claims raised in the Petition.  (Docket No. 20, Respondent Affirmation).   Specifically, Respondent claims that Vasquez provided a statement to police investigators in which Vasquez repudiates what was said in the affidavit provided to Petitioner and states that Petitioner supplied him with the affidavit and asked him to sign it before a notary.  (Docket No. 20, Respondent's Affirmation, ¶ 11, and Exh. A).  Respondent also submits that Petitioner's newly discovered claim that he was not the person who actually killed the victim contradicts a statement that he provided to law enforcement following the murder, in which he admitted that he shot the victim four times after the victim pulled a gun on him, and that he disposed of the gun by tossing it into the river.  (*Id.*, Respondent's Affirmation, ¶ 11 and Exh. A, and Memorandum of Law, at pp. 3-4).

Before the Court can adjudicate the Petitioner's Motion to Stay and Amend Petition, however, the Court must have before it a "mixed" petition--*i.e.*, a petition containing both exhausted and unexhausted claims.  *See Rhines*, 544 U.S. at 277, 125 S.Ct. at 1534-35, 161 L.Ed. 2d 440; *see also Clancy v. Phillips*, No. 04-CV-4343 (KMK), 2005 WL 1560485, at *6 (July 1, 2005) ("Although the Court may, in its discretion, stay a habeas case while a petitioner pursues state remedies on unexhausted claims, *see Rhines*, the Court declines

6

to do so here.  The stay-and-abeyance procedure is available when the Court is confronted by a mixed petition, but no mixed petition is presented in this case at this time[]") (citation omitted)).  The new unexhausted claim of actual innocence is not raised in the current Petition before the Court and therefore this Court has no discretion to stay the Petition and hold it in abeyance pending disposition of Petitioner's state court exhaustion proceedings.

Accordingly, Petitioner's Second Motion to Stay and Amend Petition (Docket No. 14) is denied without prejudice to reinstatement upon the filing by Petitioner of an amended petition that includes both the claims ("Grounds") currently raised in the Petition and the "newly discovered claim" of actual innocence.  Petitioner shall file an amended petition **within 30 days** of receipt of this Decision and Order.  The amended petition shall also identify the current status of Petitioner's state court post-conviction (§ 440.10) motion regarding the actual innocence claim he now seeks to add to the Petition.  Petitioner must include the date the motion was filed with the trial court, the date it was denied, the date he filed the application for leave to appeal to the Appellate Division from the trial court's denial of the motion and the date, if any, of the decision of the Appellate Division on the request for leave to appeal.  Following receipt of the amended petition, the Court will deem the Second Motion to Stay and Amend Petition (Docket No. 14) as reinstated and submitted for resolution.

The Court makes no determination at this time whether the actual innocence claim is timely or relates back to the date of filing of the Petition, *see* Fed.R.Civ.P. 15(c); *Mayle v. Felix*, 545 U.S. 644, 125 S. Ct. 2562, 2569-70, 162 L.Ed.2d 582 (2005).

**CONCLUSION**

For the foregoing reasons, Petitioner's Third Motion to Stay and Amend Petition (Docket No. 15) is **DENIED** as moot, and Petitioner's Second Motion to Stay and Amend Petition (Docket No. 14) is **DENIED** without prejudice to reinstatement upon the filing of an amended petition.

Petitioner must file an amended petition as directed above **within 30 days** of receipt of this Decision and Order.  At that time, Petitioner's Second Motion to Stay and Amend Petition (Docket No. 14) will be deemed submitted.  Following resolution of Petitioner's Second Motion to Stay and Amend Petition, Respondent will be directed to respond to the amended petition, file a memorandum of law in response to the amended petition and arrange for the underlying state court records and transcripts to be filed with the Court.

If Petitioner fails to file an amended petition as directed, the Court will proceed to consider only the claims raised in the Petition.

The Clerk of the Court is directed to forward to Petitioner a copy of the Petition (Docket No. 1) and the Court's Form Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus By Person in State Custody, which Petitioner shall use for the amended petition.

SO ORDERED.

Dated:      February 18, 2008
            Buffalo, New York

                              /s/William M. Skretny
                              WILLIAM M. SKRETNY
                              United States District Judge