-PS-O-

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

———————————————————————

JOSE TORRES,

           Petitioner,

           -v-

H. GRAHAM, Superintendent,
Auburn Correctional Facility,

           Respondent.

———————————————————————

**DECISION and ORDER**
06-CV-508S

    1.    On July 28, 2006, Petitioner, Jose Torres, filed, *pro se*, a Petition for a Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2254 (Docket No. 1), along with an Application to proceed *in forma pauperis*, a Motion for the Appointment of Counsel (Docket No. 3), and an Affidavit in support of the Petition (Docket No. 4). Petitioner challenges his conviction for second degree murder entered in New York State Supreme Court, Monroe County, and raises four grounds or claims for relief: ineffective assistance of appellate counsel (Docket No. 1, ¶ 12A); failure to prove each element of the offense beyond a reasonable doubt (*id.*, ¶ 12B); ineffective assistance of trial counsel (*id.*, ¶ 12C); and denial of Petitioner's right to testify based on the trial court's erroneous *Sandoval* ruling related to the admission of evidence of prior crimes (*id.*, ¶ 12D).

    2.    Shortly after filing the Petition, Petitioner filed a Motion to Stay the Petition so that he could continue to exhaust the ineffective assistance of appellate counsel claim he had raised as Ground One (¶ 12A) in the Petition. (Docket No. 5). The Court denied the Motion to Stay without prejudice to re-filing upon a proper showing pursuant to *Rhines*

*v. Weber*, 544 U.S 269, 277-78, 125 S.Ct. 1528, 1535, 161 L.Ed.2d 440 (2005). (Docket No. 8). In that same Order, the Court granted Petitioner's Application to proceed *in forma pauperis*, denied the Motion for the Appointment of Counsel, and directed that upon the filing of a renewed motion for a stay, Respondent shall file a response to the motion. The Court did not direct, at that time, that Respondent file a response to the Petition. (Docket No. 8).

    3.    Petitioner, as directed, filed a renewed Motion to Stay the Petition ("First Motion to Stay"), in which he outlined what he had done before filing the Petition in order to exhaust his ineffective assistance of appellate counsel claim, and noted that he had been attempting to obtain forensic evidence (hiring scuba divers to search for bullet casings in the Genesee River) in an attempt to exonerate himself, and that he had been told by another inmate that the inmate knew who the actual killer was. (Docket No. 9). Respondent filed a response to the Motion (Docket No. 11), and the Court later denied the Motion on the basis that it was moot inasmuch as the New York Court of Appeals had since denied Petitioner's request for leave to appeal from the denial of his Application for a Writ of Error *Coram Nobis*. (Docket No. 17). Before the Court's Order denying the First Motion to Stay as moot, Petitioner filed two additional and identical Motions to Stay and Amend Petition ("Second" and "Third" "Motions to Stay and Amend Petition") in relation to what Petitioner then claimed was a "newly discovered" claim of actual innocence. (Docket Nos. 14 and 15). In the same Order in which the Court denied the First Motion to Stay, the Court also directed Respondent to file a Response to the Second Motion to Stay and Amend Petition and provided Petitioner an opportunity to file a reply to the Response. (Docket No. 17).

      4.      Following mutual extensions of time for the filing of the response and reply with respect to the Second Motion to Stay and Amend Petition (Docket Nos. 19, 22), the Court denied without prejudice the Second Motion to Stay and Amend Petition on the basis that before the Court could entertain a motion for a stay-and-abeyance it must have before it a mixed petition--*i.e.*, a petition containing both exhausted and unexhausted claims. *See Rhines*, 544 U.S. at 277, 125 S.Ct. 1534-35, 161 L.Ed.2d 440; *see also Clancy v. Phillips*, No. 04-CV-4343 (KMK), 2005 WL 1560485, at *6 (July 1, 2005) ("Although the Court may, in its discretion, stay a habeas case while a petitioner pursues state remedies on unexhausted claims, *see Rhines*, the Court declines to do so here. The stay-and-abeyance procedure is available when the Court is confronted by a mixed petition, but no mixed petition is confronted in this case at this time[]") (citation omitted)). Because Petitioner's claim of actual innocence--based on his claimed receipt of affidavits that identify both the actual killer and the person who ordered the killing for which Petitioner was convicted--was not yet raised in the Petition before the Court, the Court was not presented with a mixed petition and therefore could not entertain the Second Motion to Stay and Amend Petition at that time. The Court thus denied the Second Motion to Stay and Amend Petition without prejudice to reinstatement upon the filing by Petitioner of an amended petition that included both the four claims raised in the Petition and the "newly discovered" claim of actual innocence. (Docket No. 25). The Order also directed that upon filing of the amended petition, the Second Motion to Stay and Amend Petition would be reinstated and submitted for resolution.[1] (*Id.*, Decision and Order, at 7-8). The Court

---

[1] The Order also denied the Third Motion for a Stay and Amend Petition as moot because it was identical to the Second Motion to Stay and Amend Petition. (Docket No. 25, Decision and Order, at 8).

stayed Respondent's response to the soon-to-be-filed amended petition until resolution of the Second Motion to Stay and Amend Petition. (*Id.*, at 8).

5.  Petitioner filed an Amended Petition, which includes the four claims raised in the original Petition and the additional claim of actual innocense. (Docket No. 26, Amended Petition, ¶¶ 22A-E). Despite the Court's direction that the Respondent need not file and serve a response to the Amended Petition until such time as the reinstated Second Motion to Stay and Amend Petition was resolved, Respondent filed a Response and Memorandum of Law in opposition to the Amended Petition. (Docket No. 28). Both the Amended Petition and Response noted that on or about August 30, 2007, Petitioner had filed in the state trial court a post-conviction motion, pursuant to N.Y. CRIM. PROC. LAW, § 440.10 (McKinney's 2005), to vacate the judgment based on the newly-discovered claim of actual innocence, and that the motion was denied. (Docket No. 26, Petition, ¶ 15, Decision and Order, November 20, 2007 (Affronti, F., J.S.C.; Docket No. 28, Response, ¶ 13)).

6.  Petitioner then filed both multiple Motions for an extension of time to file a reply to the Respondent's Response and Memorandum of Law, which were granted (Docket No. 33, 34), and the currently pending Motion to Lift the Stay and Amend the Petition on the basis that the Appellate Division, Fourth Department, had on May 27, 2008, denied his request for leave to appeal from the denial of his post-conviction motion to

vacate the conviction based on his claim of actual innocence. (Docket No. 31, Motion and Affirmation, ¶ 7).[2]

7.      Because Petitioner has apparently exhausted his "newly-discovered" claim of actual innocence, and because Respondent has filed a Response to the Amended Petition, the Second Motion to Stay and Amend Petition (Docket No. 14) is denied as moot. Additionally, since the Court never formally granted Petitioner a stay of the Amended Petition, the Motion to Lift Stay and Amend Petition (Docket No. 31) is denied.  The Court makes no determination at this time regarding the timeliness of the Amended Petition's fifth claim or ground for relief — the "newly-discovered" claim of actual innocence (Docket No. 26, Amended Petition, ¶ 22E) — and whether or not the claim is subject to equitable tolling. *See Whitley v. Senkowski*, 567 F.Supp.2d 490, 491 (S.D.N.Y.2008) ("It is an open question in this Circuit whether a credible claim of actual innocence either is an extraordinary circumstance warranting equitable tolling or gives rise to a constitutionally mandated exception to the limitations period.") (citing *Doe v. Menefee*, 391 F.3d 147, 160 (2d Cir.2004), *cert. denied*, 546 U.S. 961, 126 S.Ct. 489, 163 L.Ed.2d 364 (2005); *Lucidore v. New York State Div. of Parole*, 209 F.3d 107, 114 (2d Cir.2000), *cert. denied*, 531 U.S. 873, 121 S.Ct. 175, 148 L.Ed.2d 120 (2000)).

---

[2]Petitioner also attached a proposed "second" amended petition to the Motion to Lift the stay, which is essentially identical to the Amended Petition (Docket No. 26), except that it reflects the fact that the Appellate Division had denied his application for leave to appeal from his post-conviction motion and attaches a copy of the Appellate Division's Order denying leave. (Docket No. 31, attached proposed "second" amended petition).

8.      As previously ordered, Petitioner's reply to Respondent's Response and Memorandum of Law, and counsel's decision on whether to assume representation of Petitioner in this matter, must be filed and made on or before **March 5, 2009** (Docket No. 37).

IT IS HEREBY ORDERED, that Petitioner's Second Motion to Stay and Amend Petition (Docket No. 14) and Motion to Lift Stay and Amend Petition (Docket No. 31) are **DENIED**.

SO ORDERED.

Dated:      February 26, 2009
            Buffalo, New York

                                                     /s/William M. Skretny
                                                    WILLIAM M. SKRETNY
                                                    United States District Judge